Zheng v. Holder

BIA
Van Wyke, IJ
A097 852 070

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of May, two thousand thirteen.

PRESENT:
> ROBERT A. KATZMANN,
> DEBRA ANN LIVINGSTON,
> RAYMOND J. LOHIER, JR.,
> *Circuit Judges*.

_____

FENG ZHENG,
> *Petitioner*,

v.

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent*.

11-5313
NAC

_____

FOR PETITIONER: Evan Goldberg, New York, N.Y.

FOR RESPONDENT: Stuart F. Delery, Acting Assistant Attorney General; Jennifer P. Levings, Senior Litigation Counsel, Tim Ramnitz, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Feng Zheng, a native and citizen of the People's Republic of China, seeks review of a November 28, 2011, order of the BIA, affirming the January 27, 2010 and November 2, 2006, decisions of Immigration Judge ("IJ") William Van Wyke, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *See In re Feng Zheng*, No. A097 852 070 (B.I.A. Nov. 28, 2011), *aff'g* No. A097 852 070 (Immig. Ct. N.Y. City Jan. 27, 2010 & Nov. 2, 2006). We assume the parties' familiarity with the underlying facts and procedural history in this case.

As a preliminary matter, because Zheng does not challenge the agency's pretermission of his asylum application as untimely or its denial of CAT relief, we address only the agency's denial of withholding of removal. Contrary to the government's argument, because the BIA referenced specific credibility findings in its decision, we deem Zheng's challenge to that determination exhausted. *See Waldron v. INS*, 17 F.3d 511, 515 n.7 (2d Cir. 1994)

(finding that if the BIA addresses issues not raised by a petitioner, those issues may be considered exhausted).

Because "the BIA agree[d] with the IJ's conclusion that [the] petitioner [was] not credible and, without rejecting any of the IJ's grounds for decision, emphasize[d] particular aspects of that decision," we have reviewed both the IJ's and the BIA's decisions.  *Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005).  The applicable standards of review are well established.  *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).  In pre-REAL ID Act cases, such as this one, inconsistencies that form the basis of an adverse credibility determination  must "bear a legitimate nexus" to the applicant's claim of persecution and be "substantial" when measured against the record as a whole. *Secaida-Rosales v. INS*, 331 F.3d 297, 307-08 (2d Cir. 2003); *see also Pavlova v. INS*, 441 F.3d 82, 90 (2d Cir. 2006). The agency, however, may rely on the cumulative effect of even minor inconsistencies.  *See Tu Lin v. Gonzales*, 446 F.3d 395, 402 (2d Cir. 2006); *Liang Chen v. U.S. Attorney Gen.*, 454 F.3d 103, 106-107 (2d Cir. 2006) (per curiam).

We conclude that substantial evidence supports the agency's conclusion that Zheng did not testify credibly that he suffered past harm and feared future harm on account of his Christian religion. In finding Zheng not credible, the IJ reasonably relied on Zheng's failure to indicate in his asylum application that he had been arrested for having participated in unsanctioned church activities on two occasions prior to his May 1998 arrest. *See Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 166 n.3 (2d Cir. 2008) (holding that for purposes of analyzing a credibility determination, "[a]n inconsistency and an omission are . . . functionally equivalent"); *see also Secaida-Rosales*, 331 F.3d at 308. Contrary to Zheng's argument, details regarding his two pre-1998 arrests for attending unsanctioned churches were material, and bore a "legitimate nexus," to his claim that he had suffered past persecution on account of his Christian religion, and, therefore, the omission of such details from his asylum application formed a legitimate basis for the IJ's adverse credibility determination. *See Secaida-Rosales*, 331 F.3d at 307-08; *see also Xiu Xia Lin*, 534 F.3d at 166 n.3.

4

The IJ also reasonably relied on Zheng's failure to testify consistently regarding whether he had been continuously in hiding at his home from the time he was released from detention following his May 1998 arrest until his departure from China in October 2001, as well as his inability to confidently recall the number of people that were arrested during the May 1998 police raid on the worship services he had been attending or to describe in detail the circumstances surrounding his second arrest. This information related to the heart of Zheng's claim that he had been arrested and forced into hiding because of his practice of Christianity. *See Secaida-Rosales*, 331 F.3d at 307-08.

Furthermore, the IJ reasonably found implausible Zheng's assertion that he had called his fellow church members shortly before his departure from China to tell them that he was leaving the country given that he had not maintained any contact with the church members during the previous three years. *See Wensheng Yan v. Mukasey,* 509 F.3d 63, 67 (2d Cir. 2009) (holding that where the IJ's findings are "tethered to record evidence, and there is nothing else in the record from which a firm conviction of error could properly be derived," we will not disturb the inherent

implausibility finding).  Contrary to Zheng's argument, his failure to maintain contact with fellow church members was not immaterial because, as the IJ noted, Zheng's actions called into question whether he in fact had been a member of an unsanctioned church in China.

Having called Zheng's testimony into question, the IJ did not err in finding that Zheng failed to corroborate his claim that he had attended an unsanctioned church in China. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) ("[T]he absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question.").  Specifically, as the IJ observed, while Zheng testified that he had regularly attended unsanctioned church gatherings and assisted his ex-girlfriend with organizing worship services in private homes, he failed to present any letters from church members confirming his membership in, or attendance at, any unsanctioned church.  Although Zheng explained that his fellow church members were afraid that Chinese authorities would discover their activities and did not have official documentation, the IJ was not required to accept these explanations.  *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005) (holding that an agency need not credit an

applicant's explanations for inconsistent testimony unless those explanations would compel a reasonable fact-finder to do so).  Finally, the agency reasonably declined to accord any probative weight to a letter from a government-sanctioned church, which indicated that Zheng had attended the church since 1998, as the letter did not corroborate Zheng's claim that he had attended an unsanctioned church in China.  *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006) (finding that the weight afforded to the evidence in immigration proceedings "lies largely within the discretion of the agency." (brackets omitted)).

Because the adverse credibility determination is supported by the record, the agency did not err in denying withholding of removal.  *See Secaida-Rosales*, 331 F.3d at 307-08.

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk